WO       IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA


THERESA BROOKE, a married woman )
dealing with her sole and separate claim, )
                                          )
                    Plaintiff,            )
                                          )
       vs.                                )
                                          )
HOTEL INVESTMENT GROUP, INC.,             )
a California corporation dba Hotel Iris,  )
                                          )       No. 2:17-cv-2527-HRH
                    Defendant.            )
_____)


O R D E R

Motion to Transfer for Improper Venue

Defendant moves to dismiss plaintiff's complaint, or in the alternative to transfer the case to the Southern District of California.[1] This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

---

[1]Docket No. 8.

[2]Docket No. 10.

Background

Plaintiff is Theresa Brooke. Plaintiff alleges that she is a resident of Pinal County, Arizona.[3] Defendant is Hotel Investment Group, Inc., which is alleged to own and/or operate the Hotel Iris in San Diego, California.[4]

Plaintiff alleges that on July 24, 2017, she went to the website for the Hotel Iris, www.hotelirissandiego.com, "for purposes of booking a room later this year."[5] Plaintiff, who is confined to a wheel chair, requires the use of an ADA accessible room and she attempted to reserve such a room on the website.[6] Plaintiff alleges that she "entered her desired dates in September, but the website only offered non-accessible rooms for her desired dates."[7] Plaintiff alleges that she "tried a few different dates farther out all the way to February of next year," but the website did not offer any ADA accessible rooms for these dates either.[8]

On July 28, 2017, plaintiff commenced this action in which she asserts a claim under Title III of the ADA,[9] which prohibits discrimination by public accommodations. Plaintiff

---

[3]Verified Complaint at 1, ¶ 1, Docket No. 1.

[4]Id. at 2, ¶ 2.

[5]Id. at 2, ¶ 2; 3; ¶ 12.

[6]Id. at 1, ¶ 1; 3-4, ¶ 12.

[7]Id. at 4, ¶ 12.

[8]Id.

[9]Defendant believes that plaintiff has also stated claims under California law. Plaintiff's complaint contains only a single cause of action, an ADA claim. Plaintiff has not
(continued...)

alleges that defendant has violated Title III of the ADA because "it has failed to make its website reservation system fully and equally accessible to [p]laintiff and [other] disabled persons."[10] More specifically, plaintiff alleges that defendant "does not allow for the reservation of ADA accessible rooms in the same manner and during the same hours as a patron can reserve non-accessible rooms."[11]

Defendant now moves to dismiss plaintiff's complaint for improper venue. In the alternative, defendant moves to transfer this case to the Southern District of California.

Discussion

"Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a complaint for improper venue." Omnicell, Inc. v. Medacist Solutions Group, LLC, 272 F.R.D. 469, 472 (N.D. Cal. 2011). "When considering a motion to dismiss pursuant to Rule 12(b)(3), a court need not accept the pleadings as true and may consider facts outside of the pleadings." Id. "Once the defendant has challenged the propriety of venue in a given court, the plaintiff bears the burden of showing that venue is proper." Id.

"Generally, courts look to the venue provisions of 28 U.S.C. § 1391 to determine whether venue is proper." Id. Section 1391(b) provides:

> A civil action may be brought in--

---

[9](...continued)
asserted any state law claims.

[10]Verified Complaint at 5, ¶ 21, Docket No. 1.

[11]Id. at 5, ¶ 22.

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff only argues that venue is proper in the District of Arizona under subsection 2. "[I]n a tort action," in determining where a substantial part of the events giving rise to the claim occurred, "the locus of the injury [is] a relevant factor." Myers v. Bennett Law Offices, 238 F.3d 1068, 1076 (9th Cir. 2001). Defendant argues a substantial part of the events that gave rise to plaintiff's ADA claim did not occur in Arizona. Defendant argues that plaintiff is making a claim against the hotel's website and that the ADA does not apply to websites. See, e.g., Cullen v. Netflix, Inc., 880 F. Supp. 2d 1017, 1023 (N.D. Cal. 2012) ("websites are not places of public accommodations under the ADA because they are not actual physical places"); Young v. Facebook, Inc., 790 F. Supp. 2d 1110, 1115 (N.D. Cal. 2011) (citing Weyer v. Twentieth Century Fox Film Corp., 198 F.3d 1104, 1114 (9th Cir. 2000) ("Under controlling Ninth Circuit authority, 'places of public accommodation' under the ADA are limited to actual physical spaces"). At the very least, defendant argues that, in order to have a valid claim, the hotel's website would have to have a "substantial nexus" between the conduct and a physical space. See Nat'l Federation of the Blind v. Target Corp., 452 F. Supp.

2d 946, 952 (N.D. Cal. 2006) ("[a]lthough a plaintiff may allege an ADA violation based on unequal access to a 'service' of a place of public accommodation, courts have held that a plaintiff must allege that there is a 'nexus' between the challenged service and the place of public accommodation"). Defendant argues that there is no such nexus here because it does not own any hotels, it only manages hotels for third parties, and it "does not maintain any websites" for the hotels it manages.[12] But even if there is a nexus, defendant argues that the website is linked to a hotel in California, which means that the actual place, for purposes of the ADA, is in California.

Much of defendant's argument has to do with whether plaintiff has a valid ADA claim against defendant and very little to do with whether venue is proper in Arizona. Assuming that plaintiff has a valid ADA claim against defendant, the question here is where did the events giving rise to that claim occur. The events that gave rise to plaintiff's ADA claim took place in Arizona. Plaintiff alleges[13] that defendant may have violated the ADA regulation pertaining to reserving hotel rooms. That regulation provides:

> Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party --
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible

---

[12]Declaration of Bhavesh Patel [etc.] at 2, ¶ 3-4, which is appended to Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss or Transfer Venue, Docket No. 13.

[13]Verified Complaint at 5, ¶¶ 21-22, Docket No. 1.

guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms[.]

28 C.F.R. § 36.302(e)(1). Plaintiff was in Arizona when she attempted to book a room reservation on defendant's website. The alleged injury, plaintiff's inability to book an ADA-accessible room on defendant's website, took place in Arizona, not in California. Moreover, in cases involving "non-physical torts, courts generally hold that venue under section 1391(a)(2) is proper in the district where the injured party resides...." Capital Corp. Merchant Banking, Inc. v. Corporate Colocation, Inc., Case No. 6:07-cv-1626-Orl-19KRS, 2008 WL 4058014, at *3 (M.D. Fla. 2008). Because the alleged injury took place in Arizona and because plaintiff resides in Arizona, venue is proper in Arizona. Thus, defendant's motion to dismiss for improper venue is denied.[14]

## Conclusion

Based on the foregoing, defendant's motion to dismiss[15] is denied.

DATED at Anchorage, Alaska, this 18th day of September, 2017.

/s/ H. Russel Holland
United States District Judge

---

[14]Because defendant's motion to dismiss for improper venue is denied, the court need not consider defendant's alternative motion to transfer for improper venue. The court would note that in connection with the alternative motion, defendant argued that plaintiff lacked standing, an argument the court finds unconvincing given 28 C.F.R. § 36.302(e)(1).

[15]Docket No. 8.